United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

_____

N° 05-60450
Summary Calendar

_____

INTESAR NASSER ALSAADI,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
N° A97 196 374

_____

Before SMITH, GARZA, and PRADO,
  Circuit Judges.

PER CURIAM:[*]

  Intesar Alsaadi seeks review of a decision

of the Board of Immigration Appeals ("BIA")
denying her applications for asylum and with-
holding of removal. We deny the petition.

I.

  Alsaadi is a native and citizen of the United
Arab Emirates ("UAE") who entered the Unit-
ed States on September 29, 2000, as a non-
immigrant visitor with permission to remain
until March 28, 2001. She overstayed that
date.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

On April 22, 2003, Alsaadi filed an application for asylum. The Department of Homeland Security filed a Notice To Appear on May 27, 2003, which initiated removal proceedings against her.

At a hearing before an immigration judge ("IJ") on September 23, 2003, Alsaadi admitted that she had overstayed and was subject to removal. She sought relief by asylum or withholding of removal. After a hearing on January 26, 2004, the IJ denied Alsaadi's requests. Alsaadi appealed to the BIA, which on April 27, 2005, dismissed the appeal by adopting and affirming the IJ's decision in its entirety.

## II.

The IJ concluded that Alsaadi had not filed her asylum application within one year of her arrival in the country and that no "extraordinary circumstances" existed that might have excused her late filing. *See* 8 U.S.C. § 1158-(a)(2). The BIA expressly adopted this finding.

This Court lacks jurisdiction to review Alsaadi's asylum claim, because the BIA found her claim was time barred under 8 U.S.C. § 1158(a)(2)(B).[1] The statute prohibits our review of the timeliness of Alsaadi's claim and her contention that her late filing should be excused by extraordinary circumstances.

---

[1] *See* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)"). *See also Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir. 2005) (remanding to the BIA because its opinion left the court with "no way of knowing whether the BIA affirmed the IJ's decision on a nonreviewable basis, i.e., untimeliness, or a reviewable basis, i.e., the merits of [the] asylum claim").

## III.

On the withholding of removal claim, we review the findings of the IJ and the BIA for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005). Under the substantial evidence standard, "reversal is improper unless we decide 'not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it.'" *Id.* at 344 (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). The alien bears the burden of proving the requisite compelling nature of the evidence. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). To obtain withholding of removal, an applicant "must show that it is more likely than not that his life or freedom would be threatened by persecution" based on his political opinion, race, religion, nationality, or membership in a particular social group. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Before the IJ, Alsaadi testified that she was severely beaten by two of her brothers in 1998 in retaliation for shame brought on the family as a result of a sexual affair with her half brother. She believes that her decision to leave the UAE brought further shame on her family and that her return to that country would subject her to similar violence.

The IJ concluded that Alsaadi had not established her membership in a protected class or social group. We do not need to address this ground, however, because there is an independent ground on which we conclude that the IJ was correct: The IJ found that Alsaadi was ineligible for withholding of removal because the violence she fears is not the kind of persecution contemplated by the law.

"Persecution within the context of the INS regulations relates to persecution by authorities, supporters of the regime, the military, or

the government unless political conditions [in the alien's country of origin] are so specially oppressive that a wider range of claims of persecution must be given credence." *Adebisi v. INS*, 952 F.2d 910, 913-14 (5th Cir. 1992) (internal quotations and citations omitted). The persecution Alsaadi fears is a private matter and presumably would not be supported or condoned by the government of the UAE.

When Alsaadi was previously beaten by her brothers, the authorities offered to prosecute them, but she declined out of a desire to avoid further dishonor to her family. Moreover, the State Department's 2001 report on human rights conditions in the UAE indicates that perpetrators of domestic violence are subject to criminal sanctions and that the government encourages the reporting of such incidents. Accordingly, substantial evidence supports the IJ's conclusion that the violence feared by Alsaadi is not the kind of persecution recognized by the immigration laws.

Because Alsaadi has not shown that she will more likely that not suffer persecution, the determinations made by the IJ and BIA were proper. The petition for review is DENIED.

3